**Form 149**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Stephen R. Haney**
**Amy Louise Haney**
   Debtor(s)

Bankruptcy Case No.: 19–22653–TPA
Per August 5, 2019 proceeding
Chapter: 13
Docket No.: 34 – 18, 32
Concil. Conf.: 1/9/20 at 01:00 PM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

### *(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 11, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☑ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on 1/9/20 at 01:00 PM, in 3251 U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Quicken Loans (Claim No. 4) .

☐ H.   Additional Terms:

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE
ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become
final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision
of this Confirmation Order must file a written objection within that twenty−eight (28) day period.
Failure to timely object shall be deemed a waiver of all objections and an acceptance of the
provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation
order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan
contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file
motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR
3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed
and shall file objections to any disputed claims within ninety (90) days after the claims bar date or,
for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an
objection, the proof of claim will govern as to the classification and amount of the claim. Objections
filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the
priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be
filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the
priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an
amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the
amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the
claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be
underfunded.

*(3.)*   ***IT IS FURTHER ORDERED THAT:***

**A.**      After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**      Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**      Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**      Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**      The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**      In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: August 9, 2019

cc:  All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                         Case No. 19-22653-TPA
Stephen R. Haney                                              Chapter 13
Amy Louise Haney
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: lmar          Page 1 of 2          Date Rcvd: Aug 09, 2019
                              Form ID: 149        Total Noticed: 24
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 11, 2019.
```
db/jdb        +Stephen R. Haney,   Amy Louise Haney,   868 Flemington Street,   Pittsburgh, PA 15217-2634
cr            +Peoples Natural Gas Company LLC,   c/o S. James Wallace, P.C.,   845 N. Lincoln Ave.,
               Pittsburgh, PA 15233-1828
15080590     ++CITIBANK,   PO BOX 790034,   ST LOUIS MO 63179-0034
              (address filed with court: Sears,   P.O. Box 182149,   Columbus, OH 43218-2149)
15080583      Citizen One,   P.O. Box 42113,   Providence, RI 02940-2113
15080584      Citizen's Bank,   RPO18P,   P.O. Box 42002,   Providence, RI 02940-2002
15090121     +Citizens Bank N.A.,   One Citizens Bank Way,   JCA115,   Johnston R.I. 02919-1922
15086460     +Citizens Bank N.A.,   One Citizens Bank Way,   Mailstop: JCA115,   Johnston, RI 02919-1922
15080586      First National Bank,   P.O. Box 6122,   Hermitage, PA 16148-0922
15080588     +Lending Club,   595 Market Street,   Suite 200,   San Francisco, CA 94105-2807
15080589     +Quicken Loans,   P.O. Box 6577,   Carol Stream, IL 60197-6577
15080591      Sears,   P.O. Box 6212,   Sioux Falls, SD 57117-6282
15080593      Tors R Us/Synchrony Bank,   P.O. Box 530939,   Atlanta, GA 30353-0939
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr            +E-mail/Text: kburkley@bernsteinlaw.com Aug 10 2019 03:06:25     Duquesne Light Company,
               c/o Bernstein-Burkley, P.C.,   707 Grant Street, Suite 2200, Gulf Tower,
               Pittsburgh, PA 15219-1945
cr            +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Aug 10 2019 03:01:54
               PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
15080579       E-mail/PDF: gecsedi@recoverycorp.com Aug 10 2019 03:02:06     Aerie,   P.O. Box 965059,
               Orlando, FL 32896-5059
15080580      +E-mail/Text: ally@ebn.phinsolutions.com Aug 10 2019 03:04:06     Ally Financial,
               P.O. Box 380901,   Bloomington, MN 55438-0901
15080581       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 10 2019 03:01:33     Cabela's,
               P.O. Box 82519,   Lincoln, NE 68501-2519
15080582       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 10 2019 03:01:51     Capital One,
               P.O. Box 30281,   Salt Lake City, UT 84130-0281
15085382       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Aug 10 2019 03:01:51
               Capital One Bank (USA), N.A.,   by American InfoSource as agent,   PO Box 71083,
               Charlotte, NC  28272-1083
15080585       E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Aug 10 2019 03:05:29
               Comenity/Ultamate Rewards Mastercard,   P.O. Box 659820,   San Antonio, TX 78265-9120
15087545      +E-mail/Text: bankruptcyteam@quickenloans.com Aug 10 2019 03:06:12     Quicken Loans Inc.,
               635 Woodward Avenue,   Detroit, MI 48226-3408
15080796      +E-mail/PDF: gecsedi@recoverycorp.com Aug 10 2019 03:02:05     Synchrony Bank,
               c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
15080592      +E-mail/PDF: gecsedi@recoverycorp.com Aug 10 2019 03:01:47     TJX Rewards,   P.O. Box 530949,
               Atlanta, GA 30353-0949
15080594       E-mail/PDF: gecsedi@recoverycorp.com Aug 10 2019 03:02:05     Walmart/Synchrony Bank,
               P.O. Box 960024,   Orlando, FL 32896-0024
                                                                              TOTAL: 12
```

```
           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           Quicken Loans Inc.
15080587     Kayla Haney
                                                                    TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 11, 2019                          Signature:  /s/Joseph Speetjens

District/off: 0315-2          User: lmar              Page 2 of 2              Date Rcvd: Aug 09, 2019
                             Form ID: 149             Total Noticed: 24

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 9, 2019 at the address(es) listed below:
          James  Warmbrodt    on behalf of Creditor   Quicken Loans Inc. bkgroup@kmllawgroup.com
          Keri P. Ebeck    on behalf of Creditor   Duquesne Light Company kebeck@bernsteinlaw.com,
          jbluemle@bernsteinlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Rodney D. Shepherd    on behalf of Debtor Stephen R. Haney rodsheph@cs.com
          Rodney D. Shepherd    on behalf of Joint Debtor Amy Louise Haney rodsheph@cs.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
          S. James Wallace    on behalf of Creditor   Peoples Natural Gas Company LLC sjw@sjwpgh.com,
          srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
                                                                                  TOTAL: 7